UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-02050 |
| v. | (SAPORITO, C.M.J.) |
| GEORGE STUBY and JENNIFER MARTINEZ, | |
| Defendants. | |

# MEMORANDUM

In this diversity action, the plaintiff, State Farm Fire & Casualty Company ("State Farm"), seeks to hold the defendants, George Stuby and Jennifer Martinez, liable for negligence. The defendants leased a residential property in Blakeslee, Pennsylvania, owned by Stuart Lakernick and insured by State Farm. In the early hours of September 15, 2020, the property was substantially damaged or destroyed by a fire, resulting in damages in excess of $230,000. Exercising its subrogation rights, State Farm seeks to recover from the defendants the money it paid to its insured, Lakernick.[1]

---

[1] We note that State Farm is a citizen of Illinois and the defendants
*(continued on next page)*

State Farm contends that the fire was caused by the defendants' negligent and careless use of a candle or candles. The parties have completed discovery, and the defendants have filed separate, but substantively similar, motions for summary judgment. Doc. 23; Doc. 24. The motions are fully briefed and ripe for disposition. *See* Doc. 25; Doc. 26; Doc. 27; Doc. 28; Doc. 29; Doc. 30.[2]

The fire occurred at approximately 3:00 a.m. on September 15, 2020. Stuby, Martinez, and Martinez's two minor children were asleep in

---

are both domiciled in Pennsylvania. Although the complaint itself is silent on the matter, based on the summary judgment record, which included a copy of a lease, Lakernick also appears to be domiciled in Pennsylvania, but his citizenship is not relevant to the issue of diversity jurisdiction, as State Farm is the real party in interest and Lakernick is not a party to this action. *See St. Paul Fire & Marine Ins. Co. v. Peoples Natural Gas Co.*, 166 F. Supp. 11, 12 (W.D. Pa. 1958).

[2] We note that the moving defendants have both failed to comply with the requirements of Local Rule 56.1, which requires that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The rule further provides that "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements." *Id.* Standing alone, failure to file the separate statement of material facts required by Local Rule 56.1 is sufficient reason to deny a motion for summary judgment. *See Davila v. Pennsylvania*, No. 11-CV-01092, 2016 WL 873237, at *7 (M.D. Pa. Jan. 20, 2016). Nevertheless, we have considered and deny the motions on their merits as explained herein.

the home at the time. All four were able to escape the building after being awakened by smoke from the fire. Local firefighters responded and extinguished the fire.

The fire chief who led the local fire company response and a Pennsylvania state police fire investigator, called in immediately after the fire was extinguished, provided deposition testimony. Both testified that they were unable to find a cause for the fire. The fire investigator testified that he believed the fire originated in the front room of the first floor, and that he classified the cause of the fire as "undetermined" because, other than the room where it originated, he could not conclusively identify where or how the fire started.

Three expert reports have been submitted into the record, each providing opinions with respect to the determination of the origin and cause of the fire based on in-person examinations of the scene of the fire and review of photographs, documents, and deposition testimony produced in the course of investigation and discovery. A forensic electrical expert retained by State Farm, Andy Litzinger, concluded that the cause of the fire was not electrical in nature. A fire investigator retained by

State Farm, David Fatula, opined that the fire originated on the "A"-side[3] of a couch in the front room, near two large front-windows, and he opined that the fire was caused by the open flame of a tealight candle igniting the couch, which was the only potential cause that he could not eliminate.[4] A fire investigator retained by Stuby's insurer, Russel L. Andress, criticized Fatula's report and methodology and opined that no definitive point of origin or cause of the fire could be determined.

At deposition, Stuby acknowledged having at times burned tealight candles in a ceramic housing—apparently a scented wax warmer—which was placed on the stone fireplace in the front room. Stuby did not observe a lighted tealight candle in the room when he went to bed the evening before the fire erupted. Martinez likewise acknowledged using tealight

---

[3] A diagram included in Fatula's report labeled the side of the room at the front of the house with two windows the "A" side, and (proceeding clockwise around the room) an adjoining wall with no openings the "B" side, the opposite wall with doorways into an another room and a staircase the "C" side, and another adjacent wall with a fireplace the "D" side. *See* Fatula Report, 6 fig. 3, Doc. 27-3.

[4] Fatula considered that Stuby is a smoker, but eliminated that as a cause based on evidence that Stuby only smoked outside the house. He considered fireplace embers, but eliminated that as a cause because the fireplace was not in operation at the time. Relying on Litzinger's report, he eliminated electrical failure as a cause. Based on historical weather data, he eliminated lightning as a cause. In the absence of any evidence of foul play, he eliminated arson (or "incendiary") as a cause.

candles near the fireplace in the past, but she testified that she did not use a tealight candle in that room at all that day. Martinez's daughter, Gianna, however, testified at deposition that there was more than one wax melter in the house—one at the fireplace in the front room, one in the kitchen, and possibly a third—each of which could be moved around the house from time to time as they were not electrical, plug-in warmers, and that she had burned a tealight candle in her bedroom that day prior to the fire, though it had burned out before she went to bed. Gianna denied spending any time in the front room that day, other than to pass through to her bedroom.

The defendants contend that they are entitled to judgment as a matter of law because, based on the evidence produced in discovery, State Farm is unable to demonstrate a prima facie case of negligence. In particular, they argue that State Farm is unable to demonstrate causation, a necessary element of a negligence claim. They point to the "undetermined" cause findings by Andress, the local fire chief, and the state police fire investigator, and they point to Stuby's and Martinez's testimony that no tealight candles were burning that evening when they went to bed.

The defendants argue that State Farm's only evidence of causation—Fatula's expert opinion—is unreliable and would be inadmissible at trial. They characterize his findings as being based on mere speculation and assumption that a burning candle on the "A"-side of the couch started the fire. In support, they point to a decision by our sister court in *State Farm Fire & Casualty Co. v. Steffen*, 948 F. Supp. 2d 434 (E.D. Pa. 2013).

If the facts of this case more closely matched the facts of *Steffen*, we might find it persuasive. In *Steffen*, the plaintiff's expert fire investigator opined that the cause of a fire was an open flame dropped into a plastic trash can, igniting combustible materials within, which burned up the trash can and spread to the porch of the Steffen house and, in turn, the neighboring Brazell house, which was insured by State Farm, the plaintiff in that action as well. But the expert's opinion in *Steffen* was not based on any actual evidence that a discarded match or smoldering cigarette butt was the ignition source of the fire. As the *Steffen* court explained:

> [The expert's] proffered ignition sequence is rooted in supposition: his opinion does not rest on any evidence of an "open flame" ignition source, assumes [defendant] Steffen "dropped" the assumed-to-exist open flame into

>
> the trash can, and further assumes "combustible materials"—of which there is no direct or circumstantial evidence—were ignited. Thus, peeling away the layers of assumption undergirding [the expert's] causation conclusion reveals that it is in fact nothing more than a hunch that fails to satisfy Fed. R. Evid. 702(b)'s evidence and data-based standard.

*Id.* at 443.

Unlike the expert in *Steffen*, Fatula was able to identify direct evidence of the presence of tealight candles and a ceramic wax warmer in the area immediately adjacent to the couch, where he had found that the fire had started. His report includes a color photograph of the area where he found the fire had originated, with the remains of the wax melter and three tealight candles circled. *See* Fatula Report 12 fig. 9, Doc. 27-3. The report includes additional, close-up photographs of these wax melter and tealight candle remains. *See id.* 13 figs. 10–11. Two other wax melters, both intact and both designed to use tealight candles as the heating source, were found on the first floor. *See id.* 14 fig. 12.

While Fatula's opinion may not be unimpeachable, it is not inadmissible.[5] The plaintiff has clearly satisfied its burden of

---

[5] The appropriate weight of the evidence in light of the conflicting Andress expert opinion and the conflicting testimony by the defendants
*(continued on next page)*

demonstrating a genuine dispute of material fact.

Accordingly, the defendants' motions for summary judgment will be denied.[6]

An appropriate order follows.


Dated: March 4, 2024          *s/Joseph F. Saporito, Jr.*
                              JOSEPH F. SAPORITO, JR.
                              Chief United States Magistrate Judge

---

is a matter for a factfinder to determine at trial. On summary judgment, we must view this evidence in the light most favorable to the non-moving plaintiff, State Farm.

[6] In addition, we note that defendant Stuby has filed a motion for leave to file a supplemental brief to address a legal argument raised in an unrelated state court proceeding, *Mut. Benefit Ins. Co. v. Koser*, No. 1340 MDA 2022, 2023 WL 8360563 (Pa. Super. Ct. Dec. 4, 2023) (holding that tenants were implied co-insureds under landlord's homeowner policy, and thus insurer-plaintiff was precluded from presenting subrogation claim against them), *vacated per curiam and en banc reh'g granted*, 2024 WL 174472 (Pa. Super Ct. Jan. 17, 2024). The legal argument at issue in *Koser* has not been raised in this case previously, and it is entirely unrelated to the issues actually raised by the moving defendants in the instant motions for summary judgment. In light of this, and in light of our denial of the motions, Stuby's motion for leave to file a supplemental brief will be denied. We will, however, stay this litigation pending a decision *en banc* by the Superior Court in *Koser*, with the understanding that the ultimate outcome of the *Koser* case could be determinative of liability in this case as well.